IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2002 Session

## MR. SAMMY W. VEST, ET AL. v. DR. FRANCIS GOSWITZ, ET AL.

**Appeal from the Circuit Court for Anderson County**
**No. 00LA0003    James B. Scott, Jr., Judge**

_____

**FILED DECEMBER 30, 2002**

**No. E2001-01613-COA-R3-CV**

_____

This is a medical malpractice case filed on January 3, 2000, and amended on January 11 of the same year. The suit was by Sammy W. Vest and his adult children, Anglia M. Somner, Cheryl D. Travis, and Danny W. Vest, against Dr. Francis Goswitz and Dr. Helen Vodopick. The suit seeks damages for the Defendants' failure to refer Mr. Vest to a specialist, resulting in an injury to him as well as to his children. The Trial Judge sustained a motion by the Defendants to dismiss the children as parties Plaintiff, and later a motion for summary judgment as to Mr. Vest's suit. He further granted sanctions pursuant to Rule 11.03 against counsel for the Plaintiff. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Edward A. Slavin, Jr., St. Augustine, Florida, for the Appellants, Sammy W. Vest, Anglia M. Somner, Cheryl D. Travis and Danny W. Vest

Debra A. Thompson, Knoxville, Tennessee, for the Appellees, Francis Goswitz, M.D., and Helen Vodopick, M.D.

### OPINION

Mr. Vest and the children appeal, raising the following two issues:

I.     **SHOULD SUMMARY JUDGMENT BE REVERSED BECAUSE THE COURT ERRED BY GRANTING IT WITHOUT ORDERING**

**DEFENDANTS' DEPOSITIONS AND DISCOVERY COOPERATION?**

**II.     DID THE COURT ERR BY IMPOSING SANCTIONS FOR REQUESTING RECONSIDERATION OF THE SUMMARY JUDGMENT ORDER?**

We believe as to both issues the standard of review is abuse of discretion by the Trial Court. *Everett v. McCall*, an unreported opinion of this Court filed in Knoxville on April 3, 2001; *Krug v. Krug*, 838 S.W.2d 197 (Tenn. Ct. App. 1992).

The record discloses that at a hearing held on December 15, 2002, by order entered on March 15, 2001, the Trial Court entered a pre-trial order which, as pertinent to this appeal, provides the following:

> 2.     All party depositions will be taken on or before March 19, 2001.
>
> 3.     Plaintiffs will identify their expert witnesses by March 19, 2001.
>
> 4.     Defendants will identify their expert witnesses by May 18, 2001.
>
> 5.     This trial will begin on August 28 2001.

The Defendants' brief (see appendix) accurately sets out with references to the record the facts necessary for disposition of issue one.

In light of the facts set out in the appendix, we conclude the Trial Court did not abuse its discretion in entertaining and granting the motion for summary judgment.

As to the second issue, the sanctions were imposed by the Trial Court because, subsequent to the filing of a notice of appeal, counsel for the Plaintiffs filed a motion to reconsider the Trial Court's action upon a previous motion to alter and amend.

In granting the sanctions, which were only against Edward A. Slavin, Jr., counsel for the Plaintiffs, the Trial Court's order recites the following:

> It is further ORDERED pursuant to Tennessee Rules of Civil Procedure 11 that plaintiff's Motion to Reconsider Court's Ruling on Motion to Alter, Amend and Correct Judgment[1] was in violation of Rule 11.02(1), and that it was presented for an improper purpose, such as to harass or to cause unnecessary delay

---

[1]     In the main, the motion to reconsider repeats the arguments made in the motion to alter, amend and correct.

or needless increase in the cost of litigation, and that sanctions shall be ordered to wit: Attorney Ed Slavin shall pay reasonable attorney's fees and other expenses incurred as a direct result of the violation totalling $2,125.75. See Affidavit of Debra A. Thompson attached hereto. The amount of $2,125.75 shall be paid by Mr. Slavin directly to the law firm of Baker, McReynolds, O'Kane & Atkins, P.O. Box 1708, Knoxville, Tennessee, 37901-1708, within thirty (30) days of the entry of this Order.

We first question whether the Trial Court could entertain a motion to reconsider after a notice of appeal had been filed and, further, even in the absence of a notice of appeal whether the Plaintiffs were entitled to file the motion seeking reconsideration of their previous motion to alter and amend. It would seem to us that if this is permissible aggrieved parties could file multiple motions to reconsider, which could delay resolution of the dispute between them indefinitely.

Finally, as to this point, we believe the most compelling reason for rejecting issue two is that–and we repeat for emphasis–the sanctions were against counsel for the Plaintiffs. However, the notice of appeal lists only Plaintiffs Sammy W. Vest, Cheryl D. Travis, Anglia M. Somner and Danny W. Vest as the appealing parties.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of the sanctions imposed and collection of costs below. Costs of appeal are adjudged against Sammy W. Vest, Anglia M. Somner, Cheryl D. Travis, Danny W. Vest and their surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE